USDC IN/ND case 1:20-cv-00074-WCL-SLC document 5 filed 09/16/19 page 1 of 10

76C01-1909-CT-000461
Filed: 9/16/2019 12:56 PM
Clerk
Steuben Circuit Court
Steuben County, Indiana

| STATE OF INDIANA | ) | IN THE STEUBEN SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF STEUBEN | ) | CAUSE NO. _____ |

| | | |
| --- | --- | --- |
| MICHELLE L. STOCKBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VISION 33, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The plaintiff is Michelle L. Stockberger ("Plaintiff"), a qualified resident of Angola, Steuben County, Indiana.

2. Plaintiff contends that she was discriminated against and retaliated against on the basis of his disability/perceived disability, in violation of her federally protected rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

3. The Defendant is Vision 33, Inc., a company doing business with a Midwest regional office at 7657 Kings Pointe Road, Toledo, Ohio and with a headquarters business address at 6 Hughes, #220, Irvine, CA 92620. Defendant is an "employer" for the purposes of the ADA.

4. At all times material to this Charge, Plaintiff performed within the reasonable expectations of her employer, as a remote consultant, working from her home except when traveling to a client destination.

5. On or about March 13, 2019, Plaintiff filed Charge of Discrimination 470-2019-01860 with the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto and made a part hereof as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on June 18, 2019, Exhibit B, and this Complaint has been filed within 90 days after receipt.

6. Plaintiff has been employed by Defendant (Vision 33) since April 28, 2014 as a remote consultant, working from home except when traveling to a client or to corporate headquarters.

7. On or about December 31, 2015, Plaintiff slipped, fell and injured herself while at work – at a Vision 33 client location.

8. Plaintiff began experiencing leg pain in mid-January 2016 and sought medical help although it was not until mid-March 2016, that the Vision 33 worker's compensation claim was acknowledged and processed.

9. On or about May 2016, Plaintiff requested a leave of absence from work, as the pain in her leg was increasing and not getting better.

10. At the request of the Worker's compensation carrier, Plaintiff saw a physician at ONE in Fort Wayne to get an MRI, the results of which showed a ruptured disc.

11. After obtaining approval from Worker's compensation, surgery was scheduled on or about August 3, 2016.

12. Plaintiff continued to have issues and a second surgery was ordered on or about November, 2016, but not scheduled until on or about January 13, 2017.

13. On or about February 2017, another MRI indicated the disc had ruptured again, and the Plaintiff endured a third surgery on or about April 24, 2017.

14. On or about August 2017, she was released to go to work with restrictions of a 20 pound weight limit and alternating sitting/standing with no travel.   Plaintiff was told that Vision33 could not accommodate her restrictions.

15. On or about Monday, September 18, 2017, Plaintiff was released to return to work with restrictions including a 25 pound weight limit, alternating sitting and standing; modified duty.   The Defendant determined they could not accommodate her restrictions and kept her off work.

16. On or about March 20, 2018 Worker's Compensation issued a Maximum Medical Improvement rating, with a 25% impairment, and was released to return to work with no restrictions.

17. During Plaintiff's surgeries and recuperative period she was placed on medications which had a side-effect of causing memory loss, which hindered the Plaintiff from learning and retaining information as readily as she had prior to the injury.

18. Even after reaching the MMI and being released to work Plaintiff continued to experience pain and numbness in her leg, whenever she had to sit for more than two (2) hours.

19. Despite having received the impairment rating from the Defendant's Worker's compensation carrier, Defendant Vision33 contended they had no knowledge of her impairment rating.

3

20. Due to concerns with her sitting for long periods, Plaintiff made arrangements so that her husband could drive her for client work that required travel.   Rather than accept this accommodation, the Defendant Vision33 cancelled her trip that was scheduled for Chicago on or about July, 2018.

21. Plaintiff contacted the medical provider and had them re-issue the impairment rating information to Vision33.

22. On or about August, 2018, in a meeting with Kathy _____ and Joann _____, Plaintiff was put on a Performance Improvement Plan, during the discussion Plaintiff was told she didn't have technical or "techie" skills.   Plaintiff specifically recalls during her hire with Steve Rafac, that she was hired for her accounting and SAP skills, and that they specifically discussed she was not a "techie", and she was assured that she did not need these skills for the job for which she was being hired.   The Plaintiff believes the reasons for the Performance Improvement Plan were pre-textual.

23. On or about August, 2018, the Defendant, after receiving the PPI rating from the doctor, stated they could not accept her "restrictions" of the 25% impairment rating and asked that she be put back on Worker's compensation, which the carrier would not do since she was at Maximum Medical Improvement.

24. The Defendant, through Sheri Dilny, provided a form of questions for the Plaintiff to have completed and/or approved by a doctor which respect to her specific restrictions.

25. Each time the HR department wanted information from the doctor, the Plaintiff had to take vacation time or personal time to hand-deliver the requests to the doctor, a Dr. Williams at ONE (Orthopaedics Northeast).

4

26. After receiving the first response from Dr. Williams, on or about July 16, 2019, HR followed up with another list of questions for the doctor to complete, which the doctor was reluctant to do since Plaintiff had already been released from his care on or about March, 2018.

27. Vision 33 demanded the list be returned no later than September 14, 2018 or the Plaintiff would be terminated.

28. Plaintiff was able to procure an appointment to get the form completed on September 25, 2018, which was the earliest appointment she could obtain.

29. On or about September 25, 2018, Dr. Williams agreed to answer these questions one last time.   The answers were provided to Vision 33 on or about September 28, 2018.

30. On or about Friday, October 5, 2018, Sheri Dilny of Vision 33 had the Plaintiff come to her office for a meeting during which she asked her the same questions about her impairment and injury repetitively, including asking if the Plaintiff expected to "sit in a recliner" all day at a client's office, when learning that the Plaintiff sometimes used a recliner at home for relief.   The Plaintiff had also informed the Defendant, that her husband would be able to do the driving if, and when, travel to a client location was needed.   The Defendant's attitude during the interview was repetitive, condescending, diffident and 'joking' about the Plaintiff's situation – rather than a serious attempt at an interactive process.

31. On or about October 16, 2018 the Plaintiff was informed that her employment was terminated.

5

32. Defendant Vision33 contended that Plaintiff was not able to function or to do her job, complete training, or testing, when in fact, Vision33 had put numerous obstacles in place, despite the Plaintiff's disability and restrictions, including not setting up her computer properly, which impeded her ability to successfully complete tasks.

33. The Defendant Vision 33 failed to engage in a good faith interactive process, and had they done so would have learned the Plaintiff was able to complete her essential job functions with or without an accommodation.

34. In reality, Defendant's actions are discriminatory and retaliatory and based upon the Plaintiff's disability/perceived disability, in violation of her federally protected rights under the ADA.   As a result of the discriminatory and retaliatory behaviors, Plaintiff has suffered embarrassment, emotional distress, and other damages and injuries.   Plaintiff was able to secure employment to mitigate damages, but at a significantly lower rate of pay that she had with Defendant.   Plaintiff is entitled to seek compensatory damages.

35. Furthermore, Defendant's discriminatory and retaliatory behaviors were intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

36. Plaintiff alleges that she was intentionally fired by Defendant out of retaliation for being injured on the job and pursuing worker's compensation benefits; and following up with her physician regarding her worker's compensation injury (as required by Defendant). Defendant's termination of the Plaintiff violated the tort laws and public policies of the State of Indiana, and Plaintiff is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for lost wages, front pay, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-00712
E-mail:      cmyers@myers-law.com
Attorney for Plaintiff

EEOC Form 5 (11/09)

76C01-1909-CT-000461
Filed: 9/16/2019 12:56 PM
Clerk
Steuben County, Indiana

USDC IN/ND case 1:20-cv-00074-WCL-SLC   document 5   filed 09/16/19   page 8 of 10

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

**Equal Employment Opportunity Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Michelle L. Stockberger | (260) 833-1434 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2556 North 110 West | Angola, IN 46703 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Vision33 | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | 802 Piccolo, Irvine, CA 92620 and Vision33/Midwest office, 7657 Kings Pointe Rd., Toledo, OH 43617 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY ADA  ☐ GENETIC INFORMATION
☒ OTHER: Frampton Retaliatory Discharge

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: June 2018   Latest: mid-Oct 2018

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant, Michelle Stockberger, contends that she was discriminated against, retaliated against, and discharged on account of her disability (substantially impaired from a slip/fall on December 31, 2015 resulting in significant impairment to her back and left leg, ruptured disc resulting in re-ruptured discs and three (3) surgeries). Complainant was substantially impaired in her everyday life activities of standing, sitting, walking, driving and working. Complainant maintains that she was disabled but was a qualified individual with a disability in that she could, either with or without reasonable accommodations, perform the essential functions of her job. Alternatively, Complainant was perceived and regarded as being disability, was disabled as a result of her record of impairment, that Respondent Vision33 failed to engage in the interactive process and denied Complainant's request for reasonable accommodations, all in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12111 *et. seq.* ("ADA").

II. Respondent Vision33 is an "employer" for the purposes of the ADA. Respondent is prohibited under the tort laws and the public policies of the State of Indiana to retaliate against employees who suffer work-related injuries and express the need for, and/or obtain, workers compensation benefits. After her work-related accident on December 31, 2015, Complainant utilized workers compensation, and expressed her need for workers compensation benefits, through June and July of 2018.

III. Complainant engaged in the interactive process and completed all accommodation lists and doctors' forms which Respondent asked her to complete. Respondent forced Complainant to use her vacation time or sick time to engage with her physician to complete the accommodation forms. Ultimately, because Complainant's physician had released her in March, 2018, he would no longer fill out questionnaires from Respondent's HR office in August, 2018. Respondent forced Complainant to get a new physician to complete the reasonable accommodation questions. On September 6, 2018, Complainant informed Sherri Dilny (HR) that she was having trouble finding a physician. She finally found a nurse practitioner who would see her on September 25, 2018, and so Complainant scheduled the appointment. But on Tuesday, September 16, 2018, Complainant had a meeting with Sherri Dilny and Sarah from HR, and during that meeting her employment was suspended - even though Respondent had earlier told Complainant that she had until Sunday, September 30, 2018 to return the answers to the reasonable accommodation

Continued on Page 2

Ex. A

questionnaire, or her employment would be terminated. Complainant went to her nurse practitioner on September 25, 2018 and handed her the list of questions from the Respondent- - and the nurse practitioner's response was "get a lawyer". Eventually, Complainant tendered all of the answered questions to HR/Sherri Dilny. On Friday, October 5, 2018, Complainant had a phone call with Sherri Dilny and Sarah from HR. Complainant explained the difficulties with respect to sitting and walking and driving. Complainant also made it clear that her husband was available to drive her from job to job. Complainant was terminated around mid-October of 2018. Respondent denied Complainant's reasonable accommodation of allowing her husband to drive her from job to job, even though that would have permitted her to perform the essential functions of her job.

IV. Complainant suffered a loss of her job and job related benefits, including income. Complainant experienced emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries. Complainant seeks compensatory damages. The actions of the Respondent were intentional and in reckless disregard of Complainant's federally protected civil rights and her rights against retaliatory discharge under the laws and public policies of the State of Indiana. Complainant seeks punitive damages.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3-13-19    *Michelle Stockberger*
Date       Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

*Susan C. Neff*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Michelle Stockberger*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

March 13, 2019

SUSAN C. NEFF
Adams County
My Commission Expires
February 10, 2024

EEOC Form 161 (11/16)　　　　**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michelle L. Stockberger<br>2556 North 110 West<br>Angola, IN 46703 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-01860 | Michelle D. Ware,<br>Enforcement Supervisor | (317) 226-5161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Michelle Eisele,
District Director

JUN 1 8 2019
*(Date Mailed)*

Enclosures(s)

cc:　Jeffrey Dinkin　　　　　　　　　　　　　　Christopher C. Myers
　　Labor/Employment Shareholder　　　　　　CHRISTOPHER C. MYERS & ASSOCIATES
　　STRADLING YOCCA CARLSON & RAUTH　　809 South Calhoun Street
　　800 Anacapa St.　　　　　　　　　　　　　Suite 400
　　Suite A　　　　　　　　　　　　　　　　　Fort Wayne, IN 46802
　　Santa Barbara, CA 93101

Ex. B